Let findings be drawn accordingly.

---

### PERAZZO v. WALLICK.

(Supreme Court, Appellate Term.    February 18, 1910.)

CONTRACTS (§ 28*)—ACTION FOR UNDERTAKER'S SERVICES.

In an action by an undertaker against the secretary of a hotel company
for services in the burial of a hotel cook, evidence *held* not to sustain
judgment for plaintiff.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 133; Dec. Dig.
§ 28.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Gianbatista Perazzo against London I. Wallick. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Chandler A. Oakes, for appellant.

David W. Rockmore, for respondent.

SEABURY, J. The plaintiff, an undertaker, has recovered a judgment against the defendant for expenses incurred in the burial of one Bierman, who was a cook employed at the Hotel Cadillac. It is not claimed that the defendant ordered the services performed by the plaintiff, but it is sought to hold him upon the theory that he ratified the action of a steward in the hotel. There is no evidence to show that the steward was the authorized agent of the defendant. While the evidence is far from clear, it tends to show that the defendant was secretary of a company that managed the Hotel Cadillac. In the absence of evidence that the defendant was a proprietor of the hotel, there was no reason for the conclusion that the conversation with the defendant constituted a ratification of the employment of the plaintiff. It may be that, upon a new trial, this defect in the proof can be supplied; but the evidence now before us fails to show either that the defendant ordered the plaintiff to perform services for him or that he ratified the action of the steward of the hotel in employing the plaintiff.

The judgment is reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.